SHREVE (BUTTS v.). See Case No. 2,258.

---

### Case No. 12,817.

#### SHREVE v. DULANY.

[1 Cranch, C. C. 499.] [1]

Circuit Court, District of Columbia. July Term, 1808.

PRACTICE AT LAW—PRODUCTION OF BOOKS—NOTICE — HUSBAND AND WIFE — LIABILITY FOR WIFE'S DEBTS AFTER SEPARATION.

1. Notice to produce a book of accounts given on the preceding evening, is sufficient when the counting-house of the party is very near the court-house.

2. The defendant is not liable for goods delivered to his wife upon her credit after a separate maintenance allowed by him; but from the defendant's express promise to pay, the jury may infer that the goods were delivered to his wife by his order, unless such inference is rebutted by proof that the original credit was given to her.

Assumpsit [by Thomas Shreve against Benjamin Dulany] for goods sold and delivered to the defendant's wife.

The defendant, after the jury was sworn, gave a written notice to the plaintiff to produce his book of original entries, in which the items of the account were charged; and the next day moved the court to compel the production of it.

E. J. Lee, for plaintiff, objected that the notice was too short.

But THE COURT thought it was reasonable notice; the plaintiff's counting-house being within a very short distance from the court-house.

Upon the trial, the plaintiff offered evidence to prove that the goods were furnished and delivered to the defendant's wife at her request; and that the defendant afterwards verbally promised to pay for them. That when the goods were furnished to the defendant's wife, the plaintiff had an account opened in his books against her; and she stated that a considerable part of the goods were for the use of the defendant's sons, who were under age, (except William,) and were applied to their use and were made into clothes for them, for the making of which the defendant had paid.

Whereupon the defendant offered evidence that his wife left his house in the year 1804, and had lived separate and apart from him ever since; that this was known to the plaintiff at the time he delivered to her the goods, and that in 1805 the defendant, by deed, allowed his wife a separate maintenance.

Whereupon the defendant, by his counsel, Mr. C. Simms, prayed the court to instruct the jury, that if they should be satisfied by the evidence that the defendant's wife left his house, and lived separate and apart from him, and that this was known to the plaintiff at the time he furnished her with goods, and that the defendant had made a competent separate maintenance for his wife before the goods were so furnished, then they ought to find for the defendant. In support of this prayer he cited the following authorities: 1 Esp. N. P. 122, 125; 1 Pow. Cont. 78; Bull. N. P. 135.

E. J. Lee, contra, cited Stedman v. Gooch, 1 Esp. 6; Esp. N. P. 124, 126.

THE COURT refused to give the instruction as prayed, but instructed the jury that, if the goods mentioned in the declaration were delivered to the defendant's wife, on her credit, after the separation between them, and after the settlement of a separate maintenance by the defendant on his said wife, then the defendant is not liable for the same. But if the jury should find that the defendant expressly assumed to pay the amount of the account after the goods were delivered to his said wife, that then his express promise to pay, (if uncontradicted by proof of the credit being originally given to his said wife,) is evidence, from which the jury have a right to infer that they were delivered by his order, in which case he would be liable to the present action.

---

SHREVEPORT (LEWIS v.). See Case No. 8,331.

[1] [Reported by Hon. William Cranch, Chief Judge.]